UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

GEORGE BENTLEY

    Plaintiff,

v.

MIAMI AIR INTERNATIONAL, INC.,
a Florida corporation

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, GEORGE BENTLEY (hereinafter "Plaintiff" or "BENTLEY") sues the Defendant, MIAMI AIR INTERNATIONAL, INC., (hereinafter "Defendant" or "MIAMI AIR") and alleges as follows:

### NATURE OF CLAIMS

1. This is an action for damages and equitable relief for age discrimination brought pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter §760, Fla. Stat., ("FCRA") and the Age Discrimination in Employment Act ("ADEA") as amended.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and the ADEA. The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant maintains offices within this judicial district, and a substantial part of the events constituting the discrimination have taken place within this judicial district.

## PARTIES AND COMPLIANCE WITH PROCEDURAL REQUIREMENTS

4. BENTLEY is a 64 year old male and, at all times material hereto, was a resident of Broward County, Florida.

5. BENTLEY was, at all material times, an individual employed by MIAMI AIR within the meaning of the ADEA and the FCRA.

6. MIAMI AIR was, at all times material, BENTLEY's "employer" within the meaning of the ADEA, and the FCRA. MIAMI AIR is a Florida corporation with its principal place of business in Miami, Florida.

7. Defendant acted through its agents, servants and representatives and/or employees at all times material hereto.

8. Plaintiff has complied with the administrative prerequisites of the FCRA and the ADEA by timely filing a Charge of Discrimination based on age discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") on January 28, 2016. A copy of Plaintiff's Charge of Discrimination is attached hereto as **Exhibit "A."** More than 180 days have elapsed since the Plaintiff filed his Charge of Discrimination and the FCHR has not issued any determination regarding his Charge of Discrimination.

9. On August 11, 2016, the EEOC, upon request of the Plaintiff, issued BENTLEY a Dismissal and Notice of Right to Sue, a true copy of which is attached as **Exhibit "B."**

10. Plaintiff has fulfilled all conditions precedent and administrative prerequisites of both state and federal law prior to filing his Complaint.

## GENERAL ALLEGATIONS

11. BENTLEY began working for MIAMI AIR on or about July 30, 1990 as a pilot.

12. For the first seventeen (17) years of his employment, BENTLEY served at MIAMI AIR with the rank of Captain, which means he was both pilot and commander of the plane.

13. In 2008, BENTLEY had a heart condition that required him to take a medical leave from MIAMI AIR for 23 months. When BENTLEY returned to work after his medical leave, he received FAA medical clearance, but, without being provided with adequate training from MIAMI AIR, BENTLEY did not pass a flight check required to maintain his Captain position. As such, at that time, BENTLEY accepted the position of First Officer at MIAMI AIR, a position he had not held for 25 years. The First Officer acts as a co-pilot.

14. Despite accepting the First Officer position, BENTLEY made it known to the Pilot Review Board at MIAMI AIR that he wanted to be reinstated to Captain. The Pilot Review Board makes the decisions regarding the upgrade from First Officer to Captain.

15. For about a four (4) year period subsequent to BENTLEY's return to work, MIAMI AIR did not upgrade any pilots to Captain because of downsizing that the company went through for a period of time.

16. In or about August 2014, however; the Pilot Review Board selected several First Officers who were substantially younger than BENTLEY for an upgrade to Captain. Moreover, the pilots who were selected were not only substantially younger than BENTLEY, but they had less flying experience and less seniority than BENTLEY, who has been and remains the first pilot on MIAMI AIR's seniority list.

17. The pilots who have been selected over BENTLEY for the Captain upgrade include Gabe Constantino (age 40), Paulo Delucia (age 52), Daniel Fuciano (age 35), William Haynes (age 29), Tom Hall (age 48) and (first name unknown) Marcel (age 30). BENTLEY is more qualified than these individuals and, in fact, for Mr. Hall, this was the second time he was recommended for upgrade, as he had previously failed the tests required to become a Captain.

GALLUP LAW • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • www.gallup-law.com

18. On or about December 22, 2015, BENTLEY emailed John Passwater ("Passwater") of the Pilot Review Board reiterating his request to be reinstated to Captain. Passwater acknowledged receipt of the email that same day and indicated that he would pass the request along to Miguel Martin, the newly designated Pilot Review Board member.

19. On or about January 8, 2016, the Pilot Review Board met and approved two less senior, less qualified and substantially younger First Officers for upgrade to Captain, namely Michael Prince and Kevin McDonald.

20. On May 5, 2016, the Pilot Review Board met once again and selected two more First Officers substantially younger than BENTLEY for upgrade to Captain. These individuals are less qualified than BENTLEY, having less flying time and Sperience with the air craft flown by MIAMI AIR pilots.

## COUNT I
## VIOLATION OF THE FCRA
## (AGE DISCRIMINATION)

21. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.

22. Defendant and its managers and agents violated the FCRA by failing to reinstate BENTLEY to Captain because of his age.

23. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

24. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to his personal and business reputations; emotional distress, including, but not limited to, humiliation and embarassment; and other pecuniary and non-pecuniary losses.

4

WHEREFORE, Plaintiff, GEORGE BENTLEY, prays that this Honorable Court will enter an Order:

    A.    Declaring that Defendant violated Plaintiff's rights as protected by the laws of the FCRA;

    B.    Awarding Plaintiff back pay and the value of his lost employment benefits;

    C.    Awarding Plaintiff front pay in lieu of reinstatement;

    D.    Awarding Plaintiff compensatory damages for his emotional distress, humiliation, embarassment and loss of reputation;

    E.    Awarding Plaintiff punitive damages;

    F.    Awarding Plaintiff his attorney's fees and costs;

    G.    Awarding Plaintiff pre- and post-judgment interest; and

    H.    Awarding any and all further relief as this Court may deem just and appropriate.

## COUNT II
## VIOLATION OF THE ADEA
## (AGE DISCRIMINATION)

25.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein,

26.    Defendant and its managers and agents violated the ADEA by failing to reinstate BENTLEY to Captain because of his age.

27.    As a result of Defendant's conduct, Plaintiff has been damaged.

28.    Defendant acted intentionally and with malice and reckless disregard for BENTLEY's rights under the ADEA and thus BENTLEY is entitled to liquidated damages under the ADEA.

WHEREFORE, Plaintiff, GEORGE BENTLEY, demands an award against Defendant for damages including lost wages and benefits; liquidated damages, interest, costs, and attorneys' fees under the ADEA.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues in this action.

Dated: November 3, 2016.

        **GALLUP LAW**
        *Counsel for Plaintiff*
        4000 Hollywood Boulevard
        Presidential Circle-Suite 265 South
        Hollywood, Florida 33021
        Telephone:   (954) 894-3035
        Facsimile:    (954) 894-8015
        E-mail:  dgallup@gallup-law.com

        By:   /s/ Dana M. Gallup_____
              DANA M. GALLUP
              Florida Bar No.: 0949329