UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-cv-24607-HUCK/OTAZO-REYES

GEORGE BENTLEY

    Plaintiff
v.

MIAMI AIR INTERNATIONAL, INC.

    Defendant.
_____/

**JOINT PRETRIAL STIPULATION**

Plaintiff, GEORGE BENTLEY, and Defendant, MIAMI AIR INTERNATIONAL, INC. ("Defendant"), by and through their undersigned counsel and pursuant to S.D. Fla. L.R. 16.1.E, and the Court's Order Setting Jury Trial Date and Pretrial Deadlines [DE 7], hereby submit their Joint Pretrial Stipulation.

1. **STATEMENT OF THE CASE**

Plaintiff brings this claim and alleges age discrimination under both the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"). The Plaintiff, George Bentley, who is currently 64 years old, had been a Captain for Defendant, Miami Air, from 1991 to 2008. From 2008 to 2010 Mr. Bentley was on a medical leave of absence. After he was reinstated to fly by the FAA, he failed a requalification check ride at Miami Air. He then took a first officer check ride and assumed a first officer's position. Mr. Bentley asserts that, although he was the most senior First Officer, Miami Air did not requalify him nor was he selected by Miami Air's Pilot Review Board for upgrade to the Captain position when Captain positions became available from 2013 to 2016. Mr. Bentley asserts that First Officers who had less seniority, and were less qualified, and younger, were selected for upgrade to captain during that period of time.

Miami Air denies Mr. Bentley's allegations that he was discriminated against because of his age. Miami Air contends that there were no upgrades from first officer to captain from 2010 to 2014. Miami Air further contends that members of the Pilot Review Board considered all relevant factors in determining whether Mr. Bentley should be upgraded from First Officer to Captain. Miami Air contends that, such factors included their own personal knowledge, Mr. Bentley's prior performance, feedback from check airmen with personal knowledge and other pilots who had flown with Mr. Bentley, Mr. Bentley's leadership qualities, Mr. Bentley's technical knowledge and the current state of Mr. Bentley's overall competence.

**2.     THE BASIS OF FEDERAL JURISDICTION**

This is an action, pursuant to 28 U.S.C. §1331, which poses federal questions under the Age Discrimination in Employment Act ("ADEA") and the Court has supplemental jurisdiction of Plaintiff's state law age discrimination claim under the Florida Civil Rights Act ("FCRA") pursuant to 28 U.S.C. §1367.

**3.     PLEADINGS RAISING THE ISSUES**

   A. Plaintiff's Complaint [DE 1].

   B. Defendant's Answer and Affirmative Defenses [DE 18] and Withdrawal of Affirmative
      Defense [DE 20].

**4.     A LIST OF ALL UNDISPOSED MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT**

   None.

**5.     CONCISE STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL**

   A. Defendant employs Plaintiff.

   B. Plaintiff is currently 64 years of age.

    C. Plaintiff was the oldest and most senior First Officer employed by Defendant at all times relevant to his claims.

    D. Plaintiff's employment with Defendant began in 1991.  He went on a medical leave of absence from 2008 to 2010.  Upon his return to Defendant in September 2010 he failed a Captain's re-qualification check ride and subsequently became a First Officer.

    E. Defendant had not formally disciplined or reprimanded Plaintiff during the relevant period of his claims.

    F. Plaintiff satisfactorily performed his First Officer duties during his employment.

    G. Defendant's pilots, including Plaintiff, are members of a union, International Brotherhood of Teamsters.

    H. Defendant and Plaintiff are subject to a collective bargaining agreement ("CBA") with the International Brotherhood of Teamsters.

    I. The CBA calls for a Pilot Review Board ("PRB") to select First Officers for upgrade to Captain.

    J. The PRB is made up of two management employees of Defendant and one union member.

    K. A majority vote of the PRB prevails in the selection of First Officers for upgrade to Captain.

    L. Defendant only fills open Captain positions by promoting from its available First Officers by seniority.

    M. Defendant's Pilot Review Board did not select Plaintiff for upgrade to Captain.

    N. Plaintiff exhausted all of his administrative remedies under the ADEA and the Florida Civil Rights Act.

**6.**    <u>**ISSUES OF FACT THAT WILL REQUIRE PROOF AT TRIAL**</u>

    A. Whether Plaintiff was not requalified or selected for Captain upgrade because of his age?

    B. If Plaintiff prevails on his claims, whether he can prove he suffered damages; and if so, in what amount?

    C. Whether Plaintiff is entitled to liquidated damages under the ADEA?

    D. Whether Plaintiff is entitled to compensatory damages under the FCRA?

    E. Whether Plaintiff is entitled to punitive damages under the FCRA?

    F. Whether Plaintiff was required to mitigate his damages and, if so, whether Plaintiff mitigated his damages?

**7.**    **CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

The parties agree that the ADEA and the Florida Civil Rights Act apply to this case, and as such, the following issues of law under those statutes are agreed to as follows:

    A. That Plaintiff is in a protected group because of his age.

    B. That courts apply federal case law construing the ADEA to claims under the FCRA.

    C. That damages are determined by the ADEA and the FCRA.

    D. That to establish a *prima facie* case of age discrimination, Plaintiff must establish by a preponderance of the evidence that: (1) he belongs to a protected group, (2) he was subjected to an adverse employment action (3) he was qualified for his current position; (4) he was replaced or otherwise lost a position to a substantially younger individual or, alternatively, that a fact finder reasonably could conclude that the employer intended to discriminate because of Plaintiff's age.

**8.**    **ISSUES OF LAW REMAINING FOR DETERMINATION BY THE COURT**

    A. If Plaintiff prevails on his claims, whether he is entitled to front pay and, if so, in what amount.

    B. Whether the prevailing party is entitled to attorneys' fees and/or costs.

**9.**    **TRIAL EXHIBITS AND WITNESS LISTS**

    A. Plaintiff's Exhibit List is attached as Exhibit A.

    B. Plaintiff's Trial Witness List is attached as Exhibit B.

    C. Defendant's Exhibit List is attached as Exhibit C.

    D. Defendant's Trial Witness List is attached hereto as Exhibit D.

10. **ESTIMATED TRIAL TIME**

The parties estimate that this will be a three to four day jury trial.

11. **ESTIMATE OF ATTORNEYS FEES**

The Plaintiff asserts that the Plaintiff's attorney's fees are estimated at approximately $150,000 through the date of trial.

DATED:   July 14, 2017

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
T: 954.894.3035
F: 954.894.8015
E: dgallup@gallup-law.com
E: jauerbach@gallup-law.com

By: /s/ Dana M. Gallup
    Dana M. Gallup, Esq.
    Florida Bar No.:  0949329

By: /s/Jacob K. Auerbach
    Jacob K. Auerbach, Esq.
    Florida Bar No.: 084003

**HARRY N. TURK, P.A.**
*Counsel for Defendant*
One Southeast 3rd Avenue
Suite 2900
Miami, FL 33131
T: 305.350.2223
F: 305.350.2225
e: hturk@turklaw.org

By:   /s/ Harry N. Turk
      Harry N. Turk, Esq.
      Florida Bar No.: 120596

**WEINSTEIN & COHEN, PA**
*Counsel for Defendant*
14125 NW 80th Avenue, Suite 400
Miami Lakes, FL 33016
T: 305-374-1011
F: 305-373-8127
E: jcohen@weinsteincohen.com

By: /s/ Judson L. Cohen
    Judson L. Cohen, Esq.
    FBN: 0948748